UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SADOWSKI, | ) | CASE NO. 1:24-CV-296 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOWNING AND DOWNING, INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff Christopher Sadowski's ("Plaintiff") motion for default judgment.  (Doc. 10.)  For the reasons explained below, Plaintiff's motion is GRANTED in part and DENIED in part.

I.      **BACKGROUND**

A.      **Factual Allegations**

Plaintiff is a self-employed professional photojournalist.  (Doc. 1 at ¶¶ 6–7.)  Plaintiff has published work in various newspapers and magazines.  (*Id.* at ¶ 6.)  Customers contact Plaintiff to commission photographs.  (*Id.* at ¶ 9.)  Plaintiff licenses the photographs he takes to customers for their use.  (*Id.* at ¶ 11.)  Through the license terms, Plaintiff maintains all copyright ownership to the photographs he takes.  (*Id.*)

In 2022, Plaintiff created a professional photograph of an NYPD vehicle (titled "102122shooting1CS") (the "First Photograph").  (*Id.* at ¶ 12.)  The photograph is displayed below:



(*Id.*)  Plaintiff registered the photograph with the Register of Copyrights on December 31, 2022.

(*Id.* at ¶ 13; Doc. 1-1 at 18.)  Plaintiff licensed the photograph to the New York Post.  (Doc. 1 at ¶

14.)  The New York Post published the photograph alongside an article posted online, shown

below:



(*Id.*)  The published articled contained a gutter credit which attributed the photograph to Plaintiff.

(*Id.*)

In 2018, Plaintiff created a professional photograph of the Lord & Taylor Building in

New York (titled "092818lordandtaylor23CS") (the "Second Photograph").  (*Id.* at ¶ 15.)  The

photograph is displayed below:



(*Id.*)  Plaintiff registered the photograph with the Register of Copyrights on September 30, 2018.

(*Id.* at ¶ 16; Doc. 1-2 at 27.)  Plaintiff licensed the photograph to the New York Post.  (Doc. 1 at ¶

17.)  The New York Post published the photograph alongside an article posted online, shown

below:



(*Id.*)  The published articled contained a gutter credit which attributed the photograph to Plaintiff.

(*Id.*)

Defendant Downing and Downing, Inc. (d/b/a The D&D Daily) ("Defendant") is a digital

news source targeting the retail industry.  (*Id.* at ¶ 20.)  Defendant advertises and markets its

business on its website.  (*Id.* at ¶ 21.)  On December 6, 2022, Defendant published the First

Photograph on its website along with a news article.  (*Id.* at ¶ 22.)  Defendant cropped the

photograph to remove the gutter credit attributing the photograph to Plaintiff, and is shown

below:



(*Id.* at ¶ 25.)

On October 2, 2018, Defendant published the Second Photograph on its website along

with a news article.  (*Id.* at ¶ 23.)  Defendant cropped the photograph to remove the gutter credit

attributing the photograph to Plaintiff, and is shown below:



(*Id.* at ¶ 25.)

Plaintiff discovered Defendant's use of the photographs in February and March 2023.

(*Id.* at ¶ 29.)  Defendant did not—and still has not—obtained a license for the use of Plaintiff's

photographs.  (*Id.* at ¶ 26.)  Defendant continues to use the photographs without a license.  (*Id.* at

¶ 42.)

### B.    Procedural History

Plaintiff filed on February 15, 2024 his complaint.  (Doc. 1.)  The complaint asserts two

counts: copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501 (Count One);

and removal or alteration of copyright management information in violation of the Digital

Millennium Copyright Act (DMCA), 17 U.S.C. § 1202(b) (Count Two).  (*Id.* at ¶¶ 31–49.)

Through these two counts, Plaintiff seeks the following: a declaration that Defendants infringed

on Plaintiff's copyrights; a declaration that such infringement is willful; an award of monetary

damages; an award of costs and attorneys' fees; an award of prejudgment interest; and a

permanent injunction enjoining Defendant from publishing and using the First and Second Photographs.  (*Id.* at ¶¶ 42, 49.)

Defendant was properly served on February 20, 2024.  (Doc. 6.)  Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant's deadline to file an answer was March 12, 2024.  Defendant did not file an answer to the complaint and still has not done so.  On March 19, 2024, Plaintiff applied for an entry of default in accordance with Fed. R. Civ. P. 55.  (Doc. 8).  On April 3, 2024, default was entered.  (Doc. 9.)  A motion for default judgment followed.  (Doc. 10.)

## II.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b).  Here, Plaintiff applied for an entry of default on March 19, 2024.  (Doc. 7.)  The clerk entered Defendant's default on April 3, 2024.  (Doc. 9.)

Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments.  *Zinganything, LLC v. Import Store*, 158 F.Supp.3d 668, 670 (N.D. Ohio 2016); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  Unlike allegations on liability, damages allegations are not taken as true at this stage in litigation.  *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009).  Instead, the civil rules require the court to "conduct an inquiry in order to ascertain the amount of damages with reasonable

certainty." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Federal Rule of Civil Procedure 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." But by its terms, the rule "does not require the district court to conduct an evidentiary hearing." *Vesligaj*, 331 F. App'x at 354 (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")). An evidentiary hearing is not necessary in this case because, as required by *Vesligaj*, 331 F. App'x at 354, there is a "basis for the damages specified" in Plaintiff's motion for default judgment—namely, the statutory damages calculation supported by Plaintiff's actual damages.

## III.  ANALYSIS

Plaintiff asserts the complaint allegations support a finding of liability as to both claims asserted. (Doc. 10 at 80–82.)[1] He further seeks damages of $72,000 in statutory damages on Count One and an award of $10,000 in damages on Count Two. (*Id.* at 94.) Plaintiff also seeks prejudgment interest and a permanent injunction. (*Id.*)

### A.  Liability

#### 1.  Copyright Infringement, 17 U.S.C. § 501 (Count One)

Section 501(a) provides "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 or of the author as provided in section

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

106A(a) . . . is an infringer of the copyright or right of the author, as the case may be."  17 U.S.C. § 501(a).  "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 667 (6th Cir. 2024).  "The first prong tests the originality and non-functionality of the work, both of which are presumptively established by the copyright registration.  The second prong tests whether any copying occurred (as a factual mater) and whether the portion of the work copied were entitled to copyright protection (as a legal matter)."  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004).  The plaintiff has the burden to show these elements.  *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999).

Plaintiff has established the first element of his copyright infringement claim as a matter of law.  Plaintiff registered the First Photograph with the Register of Copyrights on December 31, 2022 and registered the Second Photograph on September 30, 2018.  These facts are supported by the registration information provided by Plaintiff (s*ee* Docs. 1-1, 1-2), as well as by Plaintiff's uncontradicted sworn declaration (*see* Doc. 10-1).  Registration of the copyrights presumptively establishes the first element.  *See Hi-Tech Video Prod., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995) ("certificate of copyright creates a presumption of the copyright's validity") (citing 17 U.S.C. § 401(c)).  Defendant, being in default, has not presented evidence to rebut the presumption.  *Id.* ("Although the presumption may be rebutted, it is the burden of the party challenging the copyright to do so.").

Plaintiff also established the second element of his copyright infringement claim as a matter of law.  A plaintiff may prove the copying element if a plaintiff "can show both that the defendant had access to the work and that the original and allegedly infringing work are

substantially similar."  *Parker v. Winwood*, 938 F.3d 833, 836 (6th Cir. 2019) (citing *Ellis*, 177

F.3d at 506).  If a plaintiff cannot show access, a plaintiff can nonetheless establish the copying

element by "showing a '*striking* similarity' between her work and the allegedly infringing one."

*Id.* (quoting *Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 317

(6th Cir. 2004)).  Plaintiff has presented evidence Defendant copied his work.  Plaintiff's

registered photographs are the exact same photographs Defendant used on its website.  They are

not "substantially similar," nor "strikingly similarly"—they are duplicates.

Based on the above, the Court finds Plaintiff has established liability on Count One.

### 2. Removal or Alteration of Copyright Management Information, 17 U.S.C. § 1202 (Count Two)

Under 17 U.S.C. § 1202(b)(1), "[n]o person shall, without the authority of the copyright

owner or the law . . . intentionally remove or alter any copyright management information[.]"

Plaintiff argues the removal of the gutter credit from the photographs constitutes intentional

alteration of copyright management information.  (Doc. 10 at 81–82.)

The DMCA defines "copyright management information" to include "[t]he name of, and

other identifying information about, the author of the work" or "[t]he name of, and other

identifying information about, the copyright owner of the work[.]"  17 U.S.C. § 1202(c)(2)–(3).

The Sixth Circuit has not yet determined whether gutter credits constitute "copyright

management information."  However, other circuits have found copyright management

information encompasses gutter credits.  *See Mango v. Buzzfeed, Inc.*, 970 F.3d 167, 172–73 (2d

Cir. 2020) (finding copyright management information includes gutter credits); *Murphy v.

Millennium Radio Grp. LLC*, 650 F.3d 295, 305 (3d Cir. 2011) (holding removal of gutter credit

within the definition of copyright management information).

As other courts have concluded, the Court finds the gutter credit at issue here constitutes copyright management information.  Plaintiff has proven the photographs in this case were originally published with a gutter credit.  (Doc. 1 at ¶¶ 14, 17.)  Plaintiff has further proven Defendant used the photographs with the gutter credits removed.  (*Id.* at ¶¶ 22–23.)  Plaintiff alleges this removal was knowingly and intentional.  (*Id.* at ¶ 45.)  The Court finds Plaintiff's allegations and proof sufficiently established Defendant intentionally removed the gutter credit from the photographs and used the photographs for its own use.

Based on the above, the Court finds Plaintiff has established liability on Count Two.

**B.      Damages**

**1.      Copyright Infringement, 17 U.S.C. § 501 (Count One)**

The Copyright Act gives owners the choice of recovering either actual damages or statutory damages.  17 U.S.C. § 504(c)(1).  Plaintiff elected to pursue statutory damages on Count One.  (Doc. 10 at 88–89.)  When a plaintiff pursues statutory damages, the court may award "a sum of not less than $750 or more than $30,000."  17 U.S.C. § 504(c)(1).  If the court finds the infringement was committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  *Id.*  "For infringement to be willful, it must be done with knowledge that one's conduct constitutes copyright infringement." *Zomba Enter., Inc. v. Panorama Recs., Inc.*, 491 F.3d 574, 584 (6th Cir. 2007) (quotation and citation omitted).

In cases where a party has defaulted, courts often infer willfulness because by virtue of not participating in the case, it is impossible for a plaintiff to show proof of a defendant's state of mind, to show defendant's motive, or to assess defendant's profits.  *See Prepared Foods Photos, Inc. v. Antonio's Pizza, Inc.*, No. 23-cv-2470, 2024 WL 1996753, 2024 U.S. Dist. LEXIS 81650,

*11 (N.D. Ohio May 6, 2024) ("the vast majority of courts will infer willfulness from a defendant's default"); *Microsoft Corp. v. McGee*, 490 F.Supp.2d 874, 880 (S.D. Ohio 2007) ("Where the defendant has defaulted, willful copyright infringement is proven."); *Kinman v. Burnop*, No. 18-cv-809, 2020 WL 707583, 2020 U.S. Dist. LEXIS 24461, *12 (M.D. Tenn. Feb. 12, 2020) (same); *Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, No. 14-cv-1929, 2018 WL 4007537, 2018 U.S. Dist. LEXIS 140856, *23–24 (M.D. Tenn. Aug. 20, 2018) ("In a default case, such as here, the court may infer that the defaulting defendant willfully infringed the plaintiff's copyrights").

Even if the Court were not to infer willfulness from default alone, Plaintiff has sufficiently proven willfulness by the allegations in the complaint and later filings.  Defendant's removal of the gutter credit is evidence of willful infringement.  It appears Defendant purposely cropped the gutter credit out and then published the photograph.  From this, reasonable inferences are: Defendant was aware the photograph was authored by someone else; and Defendant nonetheless used the photograph without license or permission.

Further, Plaintiff's counsel contacted Defendant through mail, email, and phone.  (Doc. 10-2 at 105–06.)  Each time, Plaintiff's counsel informed Defendant of its infringement.  (*Id.*)  This included several phone calls where Plaintiff's counsel spoke to an employee of Defendant.  (*Id.*)  Despite these communications, Defendant has not participated in this case and continues to display the infringing photographs.  (*Id.*)  These facts weigh in favor of finding Defendant's infringement willful.  *See Broad. Music, Inc. v. Pub Dayton, LLC*, No. 11-cv-58, 2011 WL 2118228, 2011 U.S. Dist. LEXIS 57211, *8–9 (S.D. Ohio May 27, 2011) (finding willful infringement where defendant ignored plaintiff's repeated communications).

Lastly, Defendant maintains a copyright disclaimer on its website, indicating it understands copyright protection and nonetheless has infringed on Plaintiff's copyright.  (Doc. 10 at 85.)  Courts have found this persuasive in determining whether a defendant's infringement is willful.  *See Prepared Food Photos*, 2024 WL 1996753, 2024 U.S. Dist. LEXIS 81650, *11–12 (collecting cases).

The Court finds Defendant's infringement in this case was willful.  The Court now turns to what statutory damages should be awarded for Defendant's willful infringement.

Plaintiff requests a total of $72,000 for the infringements in this case.  (Doc. 10 at 90.) Specifically, Plaintiff seeks $18,000 for the First Photograph and $54,000 for the Second Photograph.  (*Id.*)  Plaintiff calculated his request by using an estimate of his actual damages. Plaintiff submitted evidence that his typical license fee for photographs used for internet articles is approximately $1,800 per year.  (Doc. 10-1 at 103.)  For the First Photograph, which has been used for two years, Plaintiff's actual damages are $3,600.  (Doc. 10 at 90.)  For the Second Photograph, which has been used for six years, Plaintiff's actual damages are $10,800.  (*Id.*) Plaintiff, citing to out-of-circuit case law, argues courts typically will award statutory damages in the range of three to five times as much as the actual damages alleged.  (*Id.* at 89.)  Here, applying a five times multiple, Plaintiff requests a combined sum of $72,000.  (*Id.* at 90.)

"In the Sixth Circuit, district courts have routinely found that an award of approximately three-times the licensing fee that the plaintiff would have received is appropriate."  *See, e.g.*, *Broad. Music, Inc. v. Whiskey Stop Bar and Grill, Inc.*, No. 23-cv-1889, 2024 WL 943322, 2024 U.S. Dist. LEXIS 37794, *11 (N.D. Ohio Mar. 5, 2024); *Broad. Music, Inc. v. Meadowlake, Ltd.*, No. 12-cv-1024, 2013 WL 3927793, 2013 U.S. Dist. LEXIS 105850, *19 (N.D. Ohio July 29, 2013) (same); *Pub Dayton*, 2011 WL 2118228, 2011 U.S. Dist. LEXIS 57211, *12–13 (awarding

approximately three times unpaid licensing fees); *Sailor Music v. IML Corp.*, 867 F.Supp. 565, 570 (E.D. Mich. 1994) (collecting cases).  Consistent with this case law, the Court will treble the actual damages claimed by Plaintiff for a total of $43,200.

### 2.  Removal or Alteration of Copyright Management Information, 17 U.S.C. § 1202 (Count Two)

Like the Copyright Act, the DMCA gives owners a choice of recovering either actual damages or statutory damages.  17 U.S.C. § 1203(c)(3).  Plaintiff elected to pursue statutory damages on Count Two.  (Doc. 10 at 92.)  "[A] complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000."  17 U.S.C. § 1203(c)(3)(B).  Plaintiff requests $5,000 for each violation here, totaling $10,000.  (Doc. 10 at 92.)

The Court finds $5,000 for each violation of the DMCA for a total of $10,000 appropriate in this case considering the Court's finding regarding the willfulness of the violation.  *See Mango v. Buzzfeed, Inc.*, 356 F.Supp.3d 368, 378 (S.D.N.Y. 2019) (awarding $5,000 for a violation of the DMCA for removal of gutter credit).

### 3.  Prejudgment Interest

Plaintiff requests prejudgment interest.  (Doc. 10 at 94.)  In this Circuit, it is an open question whether a party may obtain prejudgment interest on an award of damages stemming from violations of the Copyright Act.  *See Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 282 (6th Cir. 1988) (vacating prejudgment interest award in Copyright Act action because "Copyright Act neither expressly allows nor prohibits awarding prejudgment interest in copyright infringement cases" and damages award is sufficient deterrent alone); *but see Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F.Supp.2d 853, 865 (W.D. Mich. 2008) (awarding prejudgment interest explaining that the "Sixth Circuit's opinion does not clearly and

unambiguously state that prejudgment interest is not allowed").  Moreover, even if available, courts in this Circuit have questioned whether a party may recover prejudgment interest on an award of statutory damages.  *See e.g.*, *Shell v. Lautenschlager*, No. 15-cv-1757, 2018 WL 4636457, 2018 U.S. Dist. LEXIS 166573, *11 (N.D. Ohio Sept. 27, 2018) ("Some courts have held that prejudgment interest is not available when the underlying damage award consists entirely of statutory damages.") (collecting cases).  Other courts have awarded prejudgment interest in cases where a plaintiff has suffered lost profits as a result of the infringement.  *See Premier Dealer Servs. v. Allegiance Adm'rs, LLC*, No. 18-cv-735, 2023 WL 2664411, 2023 U.S. Dist. LEXIS 53548, *7–8 (S.D. Ohio Mar. 28, 2023) (awarding prejudgment interest where lost profits was not sufficient to provide the deterrence intended by Congress in passing the Copyright Act).

In this case, the Court finds the statutory damages award sufficiently advances the purposes of the Copyright Act such that no prejudgment interest award is necessary.  *See Robert R. Jones*, 858 F.2d at 282 (in the absence of a legislative directive, "the decision to grant or deny prejudgment interest should hinge on whether to do so would further the congressional purposes underlying the obligations imposed by the statute in question").  That is, the trebling of Plaintiff's lost profit damages sufficiently provides the deterrent against infringement the Copyright Act intends to prevent.

## C.    Permanent Injunction

Plaintiff seeks a permanent injunction enjoining Defendant from continuing to use his work.  (Doc. 10 at 93.)  The Copyright Act authorizes injunctive relief as a remedy for infringement "on such terms as [the Court] may deem reasonable to prevent or restrain infringement on a copyright."  17 U.S.C. § 502(a).  The Supreme Court has explained a

copyright owner must still satisfy the traditional test for the issuance of an injunction. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392–93 (2006) ("this Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed.").  Accordingly, to show entitlement to a permanent injunction, a plaintiff seeking a permanent injunction must demonstrate (1) that it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) it is in the public's interest to issue the injunction. *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006).

Further, "past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 492 (6th Cir. 2007) (citations omitted).  In fact, the Sixth Circuit has held a plaintiff is *entitled* to an injunction under such circumstances. *Id.* (quoting *Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C. Cir. 1990)).  "This is because 'in copyright infringement actions, the denial of a request for injunctive relief could otherwise amount to a forced license to use the creative work of another.'" *Id.* (quoting *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 967–68 (8th Cir. 2005)).

Permanent injunctive relief is warranted here.  Plaintiff has established Defendant's liability under the Copyright Act.  Courts have found that "copyright infringement is presumed to give rise to irreparable injury." *McGee*, 490 F.Supp.2d at 882.  There is no adequate legal remedy to prevent Defendant from continuing to violate the Copyright Act.  With respect to the balance of hardships, there is no harm to Defendant in issuing an injunction that would require Defendant to comply with obligations it already should be following.  And the public interest is

upheld where parties are required to comply with the protections of the Copyright Act.  Lastly, there is a substantial risk of future or ongoing infringement in this case.  This is particularly true where, as here, a defendant repeatedly ignores asserted rights and continues to violate the Copyright Act.  *See Virtual Studios, Inc. v. Beaulieu Grp., LLC*, 987 F.Supp.2d 769, 778 (E.D. Tenn. 2013) (issuing permanent injunction where defendant continued to use copyrighted images even after it had notice of plaintiff's disputed use of the images).

Accordingly, the Court will grant Plaintiff's request for a permanent injunction and issues the following:

> Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant are permanently enjoined from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photographs or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Date:   December 30, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE